UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-60265-CR-MOORE

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

VICTOR VARGAS,

        Defendant.
_____/

**DEFENDANT'S OBJECTION TO THE MAGISTRATE'S REPORT AND RECOMMENDATION THAT DEFENDANT'S MOTION TO DISMISS DUE TO POST INDICTMENT DELAY IN VIOLATION OF DEFENDANT'S SIXTH AMENDMENT RIGHT TO A SPEEDY TRIAL BE DENIED**

    The defendant, Victor Vargas, through counsel, respectfully files his objections to the Magistrate Report and Recommendation that Defendant's Motion to Dismiss Due to Post Indictment Delay in Violation of Defendant's Sixth Amendment Right to a Speedy Trial be denied. (DE 23). Contrary to the Report and Recommendation, the government has failed to carry its burden of explaining the 35-month delay between the fling of the indictment and Mr. Vargas' arrest. Additionally, the government failed to show that the 35-month delay should not result in the dismissal of the charges against Mr. Vargas.

    The magistrate judge correctly identified the four-factor balancing test articulated in *Barker v. Wingo*, 407 U.S. 514, 530 (1972), used to determine whether there has been a violation of a defendant's right to a speedy trial. Those factors are

1

(1) length of delay; (2) reason for the delay; (3) the defendant's assertion of his right; and (4) prejudice to the defendant. *United States v. Ingram*, 446 F.3d 1332, 1338 (11th Cir. 2006)(citing *Barker*, 407 U.S. at 530, 92 S.Ct. at 2192).

A delay exceeding one year is presumed to be prejudicial, and the court must then weigh the remaining *Barker* factors. *Ingram*, 446 F.3d 15 1336. Where the second and third *Barker* factors weigh heavily against the government, a defendant need not demonstrate actual prejudice. *Id*. "A criminal defendant is under no obligation to bring himself to trial; the [Government] has that duty" *Id*. at 1337 (citing *Barker*, 407 U.S. at 527, 92 S.Ct. at 2190). "Because the prosecutor and the court have an affirmative constitutional obligation to try the defendant in a timely manner, the burden is on the prosecution to explain the cause of the pretrial delay." *Id*. (internal citation and quotations omitted).

Here, the magistrate judge held that the government met its burden of demonstrating that the second and third factors did not weigh heavily against the government and thus, Mr. Vargas was required to demonstrate actual prejudice. That holding is factually and legally incorrect.

**Prejudiced Presumed Because of Thirty-Five-Month Delay**

The magistrate judge correctly found that there was a thirty-five month delay between the filing of the indictment and Mr. Vargas' arrest. (DE 23:2). A delay exceeding one year is presumed to be prejudicial, and the court must then weigh the remaining *Barker* factors. *Ingram,* 446 F.3d at 1336. Here the delay is nearly three times the amount of the delay presumed to be prejudicial against Mr. Vargas.

Therefore, the government had the burden of proving that the reasons for the delay and Mr. Vargas' assertion of his right to a speedy trial did not weigh heavily against the government.

## Second *Barker* Factor: Reason for the Delay

The second factor, reason for the delay, must weigh heavily against the government. The Government "has a 'constitutional duty to make a diligent, good-faith effort' to locate and apprehend a defendant and bring the defendant to trial." *United States v. Bell*, 2021 WL 2659741, at *1 (S.D. Fla. June 28, 2021) citing *United States v. Bagga*, 782 F.2d 1541, 1543 (11th Cir. 1986) (quoting *Smith v. Hooey*, 393 U.S. 374, 383, 89 S.Ct. 575, 21 L.Ed.2d 607 (1969)).

In this case, the government failed to make a diligent effort to bring Mr. Vargas to trial. The government's efforts were desultory, perfunctory, superficial and half-hearted.

The Magistrate judge found that the following facts weighed against the government:

- Mr. Vargas was arrested at the same address listed on his driver's license in 2018;

- no evidence that Mr. Vargas ever resided at a different address;

- no evidence that Vargas knew of the indictment pending against him until he was stopped by Immigration authorities in July 2021;

- no evidence that Mr. Vargas attempted to evade arrest;

- little evidence of attempts made by government agents in New York to arrest Mr. Vargas; and

3

- no evidence that COVID-19 impeded efforts to arrest Mr. Vargas.

Mr. Vargas objects to the Magistrate's conclusion that the government met its burden of proving that the reasons for the delay did not weigh heavily against the government. First, it was solely the government's decision to offer Mr. Vargas the opportunity to cooperate. The Magistrate found as follows:

> Agent Patal related that after being advised of his Miranda rights, the Defendant admitted his involvement in the heroin deal. The Defendant agreed to cooperate with DEA in South Florida and New York (where the Defendant resided and where he picked up the heroin for transportation to Florida). On the day of his arrest, he Defendant placed monitored phone calls to two co-conspirators, permitted agents to search his phone and identified telephone numbers, which related the case. The Defendant was told that his cooperation with DEA would be made known to the prosecutor and, based on the Defendant's promise of continued cooperation; he was not formally charged and was permitted to return to New York on June 19, 2018. The Defendant was not told that he would not be charged with a crime for his role in the heroin sale.

(DE 23:2).

From Mr. Vargas' perspective, he was truthful and forthright with his guilt immediately following his arrest. He agreed to cooperate with the government immediately after his arrest and confession. He took active steps on behalf of the government when he provided them with all the information he had. The police allowed him to return home and never informed Mr. Vargas whether he would be further prosecuted. Mr. Vargas never changed addresses or attempted to evade or hide from law enforcement.

4

Second, describing Agent Palat's efforts to ensure Mr. Vargas' prompt arrest as diligent is overly generous. At most, Agent Palat's efforts were the bare minimum one would expect a DEA agent to put forth when attempting to ensure the arrest someone indicted for possession with intent to distribute 2 kilograms of heroin.

After the filing of the indictment, DEA Case agent, Brett Palat, sent email correspondence to agents to assist with arresting Mr. Vargas. The e-mail correspondence began in October of 2018 and continued through June 2019. Agent Palat sent approximately six e-mails during that period. *See* (DE 16, exhibit. 1). However, only one of the e-mails referenced to an attempt by a law enforcement officer to arrest Mr. Vargas at his residence. *See* (DE 16, exhibit 1, pg. 5). On June 21, 2019, agent Palat asked another DEA agent whether he had any luck in locating Mr. Vargas. The other DEA agent replied, "I haven't seen him there. I didn't go out this week but I'll get there next week again. Sorry." Agent Palat responds, "no worries, thanks again." *Id*.

Additionally, Agent Palat was not solely responsible for the prompt arrest of Mr. Vargas. After July 2019, the record is silent as to what efforts any law enforcement agency took to arrest Mr. Vargas prior to his arrest. Even if this Court were to ascribe some degree of diligence to Agent Palat's efforts, there is no evidence law enforcement did anything to arrest Mr. Vargas from July 2019 until his arrest on August 18, 2021, a period of 25 months.

The United States Attorney's Office for the Southern District of Florida is the law enforcement agency responsible for prosecuting Mr. Vargas. There is no evidence

that the United States Attorney's Office made any effort to ensure the arrest of Mr. Vargas after October 2018. Simply put, there was no urgency shown by the DEA, the Marshal Service, or the United States Attorney's Office to arrest Mr. Vargas.

The Magistrate concluded that the facts of the case were closer to the facts of *United States v. Clark*, 83 F.3d 1350, 1352 (11th Cir. 1996) than the facts of *United States v. Ingram* 446 F.3d 1332 (11th Cir. 2006). The Magistrate reasoned that because the delay in *Clark* was due to negligence and lack of bad faith, a showing of actual prejudice was necessary.

However, the decision in *Clark* did not turn solely on the lack of bad faith by the police. The *Clark* court balanced the negligence against the length of the delay. Citing *Doggett v. United States*, 505 U.S. 647, 651-52, 112 S.Ct. 2686, 2690-91 (1992), the *Clark* court stated that the toleration of negligence varies inversely with the length of the delay caused by that negligence. *Clark*, 83 F.3d at 1353. The *Clark* court ultimately held that a 17-month period between indictment and arrest was insufficient to excuse the defendant from making a showing of prejudice. *Id*. at 1354

Here, the delay of 35 months is more than twice the delay at issue in the *Clark* case. Accordingly, *Clark* is distinguishable from the instant case.

Contrary to the Magistrate's conclusion, the *Ingram* case should control the outcome of the instant case. In *Ingram*, the court held a defendant need not show prejudice when there was a 2-year delay between the filing of the indictment and the trial. *Ingram*, 446 F.3d at 1340.

6

While there was a 2-year delay between the filing of the indictment and the trial, there was only 21 months between the filing of the indictment and the arrest of Ingram. *See* docket entries 3-9 in *United States v. Larry Darnell Ingram,* case no. 02-80189-Cr-Hurley (S.D. Fla 2002).

The *Ingram* court found that the 2-year delay intolerable because there was no reasonable explanation for the Government's neglect in executing the warrant. *Ingram,* 446 F.3d at 1340. Ingram never moved from his residence during the period between the alleged offense and the trial. *Id.* at 1339.

Ingram was charged with making false statements in connection with the attempted purchase of a firearm. *Id.* at 1334. The *Ingram* court reasoned that the delay that can be tolerated for an ordinary street crime is considerably less than for crimes that are more complex. *Id.* at 1339.

Like Ingram, Mr. Vargas is charged with an ordinary street crime and he never moved from his residence. However, the post indictment delay in this case is 35 months, almost three times the threshold for presuming prejudice and 11 months longer than the delay in *Ingram*.

Again, even if the Court were to attribute some degree of diligence to the efforts of Agent Palat, there would still be a 25-month period where nothing was done to apprehend Mr. Vargas. Therefore, the reason for the delay weighs heavily against the government.

### Third *Barker* Factor: Assertion of Right

The *Ingram* court also found that the third factor, assertion of the right to a speedy trial, should weigh heavily against the government. The *Ingram* court found that the defendant promptly asserted his speedy trial rights. *Id.* at 1340.

Ingram was arrested and arraigned on August 3, 2004, and his motion to dismiss due to pre indictment and post indictment delay was filed on September 30, 2004, a period of 58 days. *See* docket entries 9 and 28 in *United States v. Larry Darnell Ingram*, case no. 02-80189-Cr-Hurley (S.D. Fla 2002). Mr. Vargas was arrested in New York on August 18, 2021, arraigned in the Southern District of Florida on September 22, 2021. (DE 6). The undersigned filed the instant Motion to Dismiss due to post Indictment Delay on October 20, 2021. (DE 12).

The period between Mr. Vargas' arrest in New York and the filing of the motion to dismiss is 63 days. The period between the arraignment and the filing of the motion to dismiss is 28 days. Accordingly, Mr. Vargas promptly asserted his speedy trial rights, and that factor should weigh heavily against the government.

### Conclusion

Based upon the above facts, arguments and citations to authorities, Mr. Vargas respectfully objects to the magistrate judge conclusion that the government met its burden of proving the second and third *Barker* factors did not weigh heavily against the government. Defendant, Victor Vargas, respectfully requests that the Court overrule the Magistrate's Report and Recommendation, and grant Mr. Vargas'

Motion to Dismiss the Indictment Due to Post Indictment Delay in Violation of Mr. Vargas' Sixth Amendment Right to a Speedy Trial.

Respectfully submitted,

MICHAEL CARUSO
FEDERAL PUBLIC DEFENDER

By:  *s/Daryl E. Wilcox*
Daryl E. Wilcox
Assistant Federal Public Defender
Florida Bar No.  838845
One E. Broward Boulevard, Suite 1100
Fort Lauderdale, FL 33301-1842
(954) 356-7436
Daryl_Wilcox@fd.org

## CERTIFICATE OF SERVICE

I HEREBY certify that on November 3, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electronic Filing.

By: *s/Daryl E. Wilcox*
Daryl E. Wilcox