UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-60265-CR-MOORE/SNOW

UNITED STATES OF AMERICA,

vs.

VICTOR VARGAS,

          Defendant.
_____/

**BENCH TRIAL STIPULATED PROFFER JOINTLY SUBMITTED BY THE PARTIES**

The United States of America and Victor Vargas (hereinafter referred to as "defendant" or "Vargas"), enter into the following stipulation for submission at a bench trial to resolve the above-referenced case. The defendant, after consultation with his attorney, waives with full understanding his Sixth Amendment Right to a Jury Trial, without force, coercion, or a promise of reward or benefit, and agrees to a bench trial conducted by the Judge assigned to the case.

Stipulated Factual Record

1. On June 16, 2018, at approximately 3:11 P.M., Drug Enforcement Administration ("DEA") Task Force Officer Gonzalo Gandarillas, acting in an undercover role ("UC") as someone wanting to purchase kilograms of heroin, was told the person to deliver the two (2) kilograms of heroin the UC agreed to buy from the caller for a total purchase price of one hundred and ten thousand dollars ($110,000.00) or a price of fifty-five thousand dollars ($55,000.00) per kilogram would be contacting the UC by calling the UC's telephone number. This telephone conversation was recorded by the UC. A transcript has been prepared transcribing the Spanish spoken during this telephone conversation and has been translated from Spanish to English as verified by the UC. The recording of this conversation and the

[1]

transcript are admitted into evidence as Government's Exhibits 1A and 1B respectively without objection.

2.     On June 16, 2018, at approximately 4:18 P.M., Vargas called the UC to advise Vargas will leave to meet the UC after his vehicle is serviced with an oil change. Vargas requested the UC send Vargas the address where the UC wanted to meet to take delivery of the two kilograms of heroin after making the payment owed of $110,000.00. This telephone conversation was recorded by the UC. A transcript has been prepared transcribing the Spanish spoken during this telephone conversation and has been translated from Spanish to English as verified by the UC. The recording of this conversation and the transcript are admitted into evidence as Government's Exhibits 2A and 2B respectively without objection.

3.     On June 18, 2018, at approximately 5:31 P.M. and 6:01 P.M., Vargas called the UC to advised he had arrived in South Florida and was at the Sunoco gas station located at 1531 State Road 84, in Fort Lauderdale, Broward County, Florida. The UC wanted Vargas to come to the UC because his location was being surveilled by law enforcement on the ground and in a plane to watch and video and audio record Vargas delivering the two kilograms of heroin. Vargas did not want to drive further to meet the UC with the heroin inside a bucket in his vehicle driving in an area unfamiliar to him. The UC agreed to come to the Sunoco gas station so Vargas could follow the UC's vehicle to a better place to complete the sale. This telephone conversation was recorded by the UC. A transcript has been prepared transcribing the Spanish spoken during the June 18, 2018 5:31 P.M. telephone conversation and has been translated from Spanish to English as verified by the UC. The recording of this conversation and the transcript are admitted into evidence as Government's Exhibits 3A and 3B respectively without objection. A transcript has been prepared transcribing the Spanish spoken during the June 18, 2018 6:01 P.M. telephone conversation and has been translated

[2]

from Spanish to English as verified by the UC. The recording of this conversation and the transcript are admitted into evidence as Government's Exhibits 4A and 4B respectively without objection.

4. On June 18, 2018, at approximately 6:07 P.M., the UC arrived at the Sunoco gas station previously referenced and found Vargas sitting inside a parked gold Mercedes Benz SUV. The UC parked his vehicle alongside the gold Mercedes Benz SUV with the front ends of the vehicles pointed in opposite directions. The front driver's side window of their respective vehicles were lowered by the UC and the defendant. The UC spoke to the defendant. The UC told Vargas the UC did not want to conduct the transaction at the Sunoco gas station because that location was "too hot (police presence)." Vargas agreed to follow the UC and the UC's vehicle to the parking lot of the Winn Dixie at the Southland Shopping Center located at 903 West State Road 84 in Fort Lauderdale, Broward County, Florida. This meeting was recorded by the UC. A transcript has been prepared transcribing the Spanish spoken during this meeting and has been translated from Spanish to English as verified by the UC. The audio recording of this meeting and the transcript are admitted into evidence as Government's Exhibits 5A and 5B respectively without objection.

5. At the before-mentioned Winn Dixie parking lot on June 18, 2018 at approximately 6:12 P.M., the UC met Vargas at a gold Mercedes Benz SUV driven by Vargas and occupied by Vargas alone. Vargas directed the UC to the rear storage compartment of the SUV where Vargas represented that the two kilograms of heroin were inside a bucket containing dry wall compound. The UC insisted Vargas prove there were two kilograms of heroin hidden within the dry wall compound in the bucket before the UC would make the payment of $110,000 owed. Vargas proceeded to remove the dry wall compound from the bucket to reveal the two kilograms of heroin as he was video and audio recorded by devices surrounding the SUV on

[3]

the ground and overhead in a plane. Vargas was handcuffed and arrested. This meeting was recorded. The video recording of this meeting is admitted into evidence as Government's Exhibit 6 without objection. The audio recording of this meeting also appears on Government Exhibit 5A. A transcript has been prepared transcribing the Spanish spoken during this meeting and has been translated from Spanish to English as verified by the UC and is part of Government Exhibit 5B. Government Exhibits 5A and 5B have previously been admitted into evidence without objection.

6.  Subsequent to the arrest of the defendant, a tow truck was summoned to tow and impound Vargas' gold Mercedes Benz SUV. The inventory search of Vargas' gold Mercedes Benz SUV was photographed. Government's Exhibits 7A through 7J are photographs that truly and accurately show how the defendant's gold Mercedes Benz SUV appeared on June 18, 2018 when the inventory search was done, what was found where, and the unwrapping of packaging containing mustard seed powder and coffee grounds that covered the two kilogram size packages found in the dry wall compound of a bucket in the rear storage area of the defendant's gold Mercedes Benz SUV. Government's Exhibits 7A through 7J are admitted into evidence without objection.

| GOVT. EXHIBIT NUMBER | WHAT SHOWN |
|---|---|
| 7A | Defendant's gold Mercedes Benz SUV |
| 7B | Bucket with lid closed in rear storage compartment of defendant's gold Mercedes Benz SUV |
| 7C | Lid removed from bucket in rear storage compartment of defendant's gold Mercedes Benz SUV |
| 7D | Kilogram sized package removed from bucket |
| 7E | Second kilogram sized package removed from bucket |
| 7F | Two kilogram sized packages removed from bucket |
| 7G | Process started to remove outer wrapping from kilogram sized packages |
| 7H | Outer wrapping cut open to expose kilogram size package |
| 7i | Kilogram sized package removed from outer wrapping |
| 7J | Second kilogram sized package removed from outer wrapping |

7.      One of the two kilogram sized objects seized from the bucket found in the rear storage area of the defendant's gold Mercedes Benz SUV (see Government Exhibits 7i and 7J) was field tested by DEA Special Agent Robert Luckens pursuant to his past training and his experience. The substance within this kilogram sized package field tested positive for heroin by turning the liquid of the test kit the color purple. Government's Exhibits 8A through 8D are photographs that truly and accurately show how one of the two kilogram sized packages found inside a bucket in the rear storage compartment of the defendant's gold Mercedes Benz SUV appeared before, during, and after the field test was performed and the positive result for heroin of the field test. Government's Exhibits 8A through 8D are admitted into evidence without objection.

8.      The two kilogram sized packages removed from the bucket found in the rear storage compartment of the defendant's gold Mercedes Benz SUV were delivered to the DEA laboratory for analysis. Elizabeth A. Adkins, a forensic chemist employed by DEA, found the substance inside the two packages to be a combined weight of 2,026.7 grams of heroin. The defendant has no objection to the forensic chemist expert qualifications of Ms. Adkins. A copy of DEA forensic chemist Elizabeth A. Adkins' report is attached and admitted without objection as Government Exhibit 9. Government Exhibit 10 is the heroin and the packaging used to deliver the slightly more than two kilograms of heroin to the UC by Vargas. Except for the changes caused by the field test performed by the DEA Special Agent and the analysis done by the DEA forensic chemist, the heroin and its packaging are in substantially the same condition as when recovered from the bucket of dry wall compound on June 18, 2018. Government Exhibit 10 is admitted into evidence without objection.

9.      On June 18, 2018, Vargas was orally advised of his *Miranda* rights by the UC in Spanish. The defendant understood his *Miranda* rights and chose to knowingly, freely, and

[5]

voluntarily waive the same and make a statement. Vargas subsequently admitted to agreeing to deliver two kilograms of heroin he received in New York to the UC in South Florida upon the UC paying $110,000.00.

10. Based upon the foregoing factual proffer, the parties agree that the defendant committed the offenses of Conspiracy to Possess with the Intent to Distribute Heroin, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(i); all in violation of Title 21, United States Code, Section 846 (Count 1 of the Indictment); and Possession with the Intent to Distribute Heroin, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(i) (Count 2 of the Indictment).

11. Based upon the foregoing factual proffer, the parties agree that:

As to Count 1 of the Indictment:

(1) the defendant and at least one other person in some way agreed to try to accomplish a shared and unlawful plan to possess heroin;

(2) the defendant knew the unlawful purpose of the plan and willfully joined in it;

(3) the object of the unlawful plan was to possess with the intent to distribute heroin; and

(4) the weight of the heroin the defendant possessed was more than the threshold weight of one kilogram for the mandatory minimum 10-year imprisonment term to apply.

As to Count 2 of the Indictment:

(1) the defendant knowingly possessed heroin;

(2) the defendant intended to distribute heroin; and

(3) the weight of the heroin the defendant possessed was more than the threshold weight of one kilogram for the mandatory minimum 10-year imprisonment term to apply.

<u>Defendant Acknowledges Knowingly, Freely, and Voluntarily Signing this Stipulation</u>

12. By signing below, the defendant acknowledges having been read in his native language

[6]

of Spanish and understanding this entire document. The defendant also acknowledges being satisfied with his attorney's advice and representation. No promises or inducements have been made to the defendant, no one has threatened or forced the defendant in any way, and the defendant freely and voluntarily signs this stipulation.

Respectfully submitted,

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

Date: 12/1/21     By: *[signature]*
DONALD F. CHASE, II
ASSISTANT UNITED STATES ATTORNEY

Date: 12-01-21    By: *[signature]*
VICTOR VARGAS
DEFENDANT

Date: 12-01-21    By: *[signature]*
DARYL WILCOX
ASSISTANT FEDERAL PUBLIC DEFENDER

[7]